```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


EASTERN FISHING & RENTAL
TOOL CO., INC.                                        PLAINTIFF

VS.                       CIVIL ACTION NO. 5:10-cv-120(DCB)(JMR)

CHARLES K. BLANEY AND
BLANEY FISHING & RENTAL
TOOLS, LLC, A/K/A B&H
FISHING & RENTAL TOOLS, LLC                          DEFENDANTS

CHARLES K. BLANEY                               COUNTER-CLAIMANT

VS.

EASTERN FISHING & RENTAL
TOOL CO., INC.                                  COUNTER-DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff/counter-defendant Eastern Fishing & Rental Tool Co., Inc.'s motion for summary judgment on counterclaim **(docket entry 106)**; the defendants Charles K. Blaney and Blaney Fishing & Rental Tools, LLC's motion for summary judgment **(docket entry 109)**; and the plaintiff Eastern Fishing & Rental Tool Co., Inc.'s motion for summary judgment as to non-compete agreement **(docket entry 111)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The Amended Complaint ("Complaint")(docket entry 42), filed by Eastern Fishing & Rental Tool Co., Inc. ("Eastern"), alleges that

Eastern purchased four companies owned by the Blaney family on July 27, 2007.  Charles K. Blaney ("Blaney"), who had been manager of the purchased companies, entered into an employment agreement with Eastern whereby he would be employed by Eastern for a period of 60 months for a gross salary of $120,000 per year, plus an annual cost of living increase equal to the increase in the Consumer Price Index.  Complaint, p. 2.  Blaney also entered into a Non-Compete Agreement with Eastern, for a term of 5 years.  Complaint, p. 3.  The Complaint further alleges that Blaney was terminated from his employment with Eastern, and began competing with Eastern in areas prohibited in the Non-Compete Agreement under the name "Blaney Fishing & Rental Tools, LLC."  Complaint, pp. 3-4.

Eastern brings claims against Blaney and Blaney Fishing & Rental Tools, LLC ("BFRT") for breach of contract, violation of the Mississippi Uniform Trade Secrets Act, trade name infringement, and unjust enrichment.  Complaint, pp. 4-6.  Blaney filed an Answer and a counterclaim for breach of employment agreement.

Eastern moves for summary judgment on Blaney's counterclaim, on grounds that (1) Blaney's employment was "at-will," (2) alternatively, Eastern <u>subjectively</u> believed that Blaney was not adequately performing his job, and (3) alternatively, Eastern <u>objectively</u> believed that Blaney was not adequately performing his job.  In response, Blaney contends that the reasons given for his termination were manufactured by Eastern to prevent having to pay

him further salary, health insurance benefits, and cost of living increases.

Eastern also moves for summary judgment on its claim to enforce the non-compete agreement.  Blaney responds that since Eastern materially breached the employment contract, it cannot enforce the non-compete agreement.  Blaney and BFRT also move for summary judgment as to all claims against them.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  If the moving party carries its burden of showing that evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim, the burden shifts to the nonmoving party to present evidence showing that there is a genuine issue for trial.  Norwegian Bulk Transp. A/S v. International Marine, 520 F.3d 409, 412 (5th Cir. 2008).

Mississippi adheres to the common-law rule of terminability at will when the employment contract does not specify the duration or term of the employment.  Either the employer or the employee can terminate the contract for "a good reason, a wrong reason, or no reason."  Kelly v. Mississippi Valley Gas Co., 397 So.2d 874, 875

(Miss. 1981). However, "every contract contains an implied covenant of good faith and fair dealing." UHS-Qualicare v. Gulf Coast Comm. Hosp., 525 So.2d 746, 757 (Miss. 1987). While the duty to deal in good faith does not alter Mississippi's "at will" rule, it can affect the parties' rights vis-a-vis an employment contract and a non-compete agreement. See Empiregas, Inc. Of Kosciusko v. Bain, 599 So.2d 971 (Miss. 1992)(when employee was terminated without good cause, the employer was not entitled to enforce a non-compete agreement, and the employee was entitled to recover damages, consisting of bonus he would have been paid had he remained with employer).

The parties' evidentiary submissions differ sharply on the issue of good cause for Blaney's termination; therefore, the Court finds there are genuine issues of material fact concerning both the reason for the termination and enforcement of the non-compete agreement. All parties' motions for summary judgment shall therefore be denied. Accordingly,

IT IS HEREBY ORDERED that the plaintiff/counter-defendant Eastern Fishing & Rental Tool Co., Inc.'s motion for summary judgment on counterclaim **(docket entry 106)** is DENIED;

FURTHER ORDERED that the defendants Charles K. Blaney and Blaney Fishing & Rental Tools, LLC's motion for summary judgment **(docket entry 109)** is DENIED;

FURTHER ORDERED that the plaintiff Eastern Fishing & Rental

Tool Co., Inc.'s motion for summary judgment as to non-compete agreement **(docket entry 111)** is DENIED.

SO ORDERED, this the 2nd day of August, 2012.

<pre>
                              /s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE
</pre>